## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JEFFREY BOUEY,

    Plaintiff,

  v.

THE REALREAL, INC., and
MICHAEL SOLLENBERGER,

    Defendants.

**Civil Action No.
2:26-cv-00394-BRM-JBC**

## DECLARATION OF JEFFREY BOUEY IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION

I, Jeffrey Bouey, hereby declare and state the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

### BACKGROUND

1. I am the Plaintiff in this action. I am proceeding pro se. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could testify competently thereto.

2. I submit this declaration in opposition to Defendants' Motion to Compel Arbitration (ECF No. 11).

3. On or about November 24, 2023, I received an offer of employment from The RealReal, Inc. ("TRR") for the position of Senior Systems Engineer, working

1

hybrid from Edison, New Jersey, at an annual salary of $145,000.00.

## THE ELECTRONIC SIGNING PROCESS

4. I received an electronic notification directing me to review and sign what was identified as an "Offer Letter." The notification did not mention arbitration, dispute resolution, or waiver of court rights. A true and correct copy of the email notification is attached as Exhibit A.

5. I opened the electronic document with the understanding that I was reviewing and signing TRR's offer of employment. I understood the purpose of the electronic signing session to be the acceptance of the employment offer.

6. The document I was presented with contained a multi-page "Business Protection and Arbitration Agreement" in addition to the Offer Letter. The arbitration language was not presented as a separate, standalone agreement. It appeared within a larger document that also contained confidentiality provisions, intellectual property assignments, non-competition covenants, conflict-of-interest guidelines, and an invention assignment schedule.

7. I accessed the document on a mobile device on the evening of November 24, 2023, a Friday. The audit trail reflects that I viewed the document at approximately 8:40 PM UTC and applied my electronic signature at approximately 8:42 PM UTC.

8. The electronic signing system applied my signature to multiple pages of the document package, including both the Offer Letter (page 4) and the Business

Protection and Arbitration Agreement (page 13). Both signatures bear the identical timestamp: Friday, 24-Nov-2023 20:42:10. I did not separately sign or separately acknowledge the arbitration provision. The signing system captured a single signature event and applied it across the document package.

## UNDERSTANDING AT THE TIME OF SIGNING

9. At the time I applied my electronic signature, I understood that I was accepting TRR's offer of employment. I did not understand that I was agreeing to waive my right to bring employment disputes in court or my right to a jury trial.

10. At no point during the electronic signing process or during the onboarding process did TRR separately inform me that I was agreeing to resolve employment discrimination or retaliation claims through arbitration rather than in court.

11. I did not receive any separate communication, written or oral, explaining that the documents I was signing included a waiver of my right to pursue civil rights claims in a judicial forum.

12. I first became aware that Defendants claimed an arbitration agreement existed between the parties when Defendants filed their Motion to Compel Arbitration in this action on March 3, 2026. Prior to that filing, I had no understanding that my acceptance of TRR's employment offer was treated by TRR as agreement to arbitrate future civil rights claims.

## ADDITIONAL OBSERVATIONS REGARDING THE AGREEMENT

13. Upon reviewing the Business Protection and Arbitration Agreement filed as Exhibit 11-2 to Defendants' Motion, I observed that the executed Agreement contains several unfilled fields. The introductory paragraph does not include my name or a date. The arbitration provision directs arbitration to occur "in" a location that is left blank, before a panel whose identity is left blank. The choice-of-law provision within the arbitration section references "the substantive internal law of the State of ___" with the state left blank. These fields were blank at the time I signed the document and remain blank in the version filed with this Court. At the time I electronically signed the onboarding documents, I did not observe that the arbitration agreement contained unfilled template fields or incomplete provisions.

14. I also observed that the Offer Letter itself references multiple documents with overlapping subject matter: a "Business Protection and Arbitration Agreement," an "At-Will Employment, Confidential Information, and Invention Assignment Agreement and the Mutual Arbitration Assignment," and a separate grouping listed as "Duplicate Original Letter; At-Will Employment, Confidential Information, and Invention Assignment Agreement; Mutual Arbitration Agreement." These documents were referenced together within the onboarding materials I was presented when accepting the employment offer.

## SUPPORTING EXHIBITS

15. The following exhibits are attached to this declaration or referenced in the record:

Exhibit A – Email notification referencing "Offer Letter"

Exhibit B – The employment Offer Letter document

Exhibit C – The Business Protection and Arbitration Agreement (ECF No. 11-2)

Exhibit D – Audit trail / signature record showing identical timestamps (ECF No. 11-2, p. 14)

Exhibit E – Electronic signature confirmation emails

Exhibit F – Onboarding communications and instructions provided to Plaintiff

Exhibit G – Updated Arbitration Agreement implemented after Plaintiff's employment (co-worker text message)

———————

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: March 15, 2026

Jeffrey Bouey
Plaintiff, *Pro Se*
122 Willow Street
Plymouth, PA 18651
jbouey2006@gmail.com

5